

# Missouri Court of Appeals

## Southern District

### Division One

TOMMY PATRICK, )
           )
              Respondent, )
           )
       vs. ) Nos. SD36956
           ) Filed: July 22, 2021
DEREK MULVANEY )
d/b/a MULVANEY CONSTRUCTION, LLC, )
JERRY DIERKER CONSTRUCTION, )
           )
              Respondents, )
           )
and CITY OF MONETT, )
           )
              Appellant. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

(*Before Lynch, C.J., Francis, P.J., and Bates, J.*)

### **AFFIRMED**

PER CURIAM. The City of Monett ("City") appeals an award by the Labor and Industrial Relations Commission (the "Commission").[1] In two points relied on, City asserts that the Commission erred in finding that City is the statutory employer of Tommy Patrick ("Patrick").

---

[1] This Court reviews the Award of the Commission; however, where, as here, the Commission incorporates the award and decision of the Administrative Law Judge ("ALJ"), we treat the ALJ's findings as part of the Award of the Commission. *Maryville R-II School District v. Payton*, 516 S.W.3d 874, 880 (Mo.App. W.D. 2017).

Determining that neither point has merit, we deny the same and affirm the Award of the Commission.

**Facts and Procedural History**

In 2015, City began a project to renovate the Monett City Hall ("City Hall"). Because bids for the project were higher than anticipated, the Monett City Council ("City Council") voted to manage the construction project itself. City Council assigned Jerry Dierker, a City Council member and owner of Dierker Construction ("Dierker"), to coordinate the project due to his construction experience. Dierker engaged subcontractors to perform some of the work. One of those subcontractors was Derek Mulvaney, doing business as Mulvaney Construction, LLC ("Mulvaney"). Dierker also performed some of the work at City Hall, but was not engaged as a general contractor. Dierker did not verify that Mulvaney had workers' compensation insurance.

Patrick began working for Mulvaney sometime in early 2015. Patrick performed a variety of jobs for Mulvaney including roofing, framing and metal work. Mulvaney provided transportation for Patrick on occasion, and also provided tools. Patrick was an hourly employee paid by check from Mulvaney Construction, LLC.

On March 17, 2016, while hanging sheetrock at City Hall, Patrick suffered a serious injury to his left hand resulting in tendon damage to several fingers, requiring surgery. Patrick reported the injury to Mulvaney, at which time Mulvaney informed Patrick he did not have workers' compensation insurance.

Patrick filed an Amended Claim for Compensation on August 11, 2016, listing Mulvaney, Dierker Construction, and the City of Monett as employers. City and Dierker both filed answers to the amended claim for compensation denying their employer status; Mulvaney did not file an answer.

2

A hearing was held on December 2, 2019, before the Division of Workers' Compensation. Patrick testified, along with Dennis Pyle on behalf of City, and Jerry Dierker on behalf of Dierker Construction. Mulvaney's deposition was entered as an exhibit wherein he testified he believed Patrick to be an independent contractor.

The ALJ entered her award on February 19, 2020, finding Mulvaney liable for Patrick's injury, and City as secondarily liable. Dierker was not found liable. The ALJ found Patrick to be credible as to his employment with Mulvaney, and the work he performed for Mulvaney at City Hall.

The ALJ found that:

Claimant *did not* get paid by Jerry Dierker, Dierker Construction, or the City of Monett. Rather, Claimant was paid by the hour on a regular basis with paychecks issued by Mulvaney Construction LLC. Claimant had a long-standing, continual relationship with Derek Mulvaney, having worked for him about a year. This was not piecework. Claimant regularly performed whatever construction-related duties Derek Mulvaney directed him to perform. Claimant had no tools and brought no materials with him. There also is no evidence that Claimant could hire an assistant to perform the assigned work. The balance of all factors weighs heavily in favor of finding Claimant to have been an employee of Derek Mulvaney at the time of the work injury. Claimant was not an independent contractor.

(Emphasis in original).

The ALJ also found as to City's secondary liability that:

With respect to Claimant and Derek Mulvaney, Jerry Dierker solely was a representative of the City of Monett as coordinator of the City's renovation project, and not as a general contractor himself. Part of the work was being performed pursuant to a verbal contract between the City of Monett and Mulvaney. The location undergoing remodeling or repair is the premises of the principal contractor while the work is being completed. Claimant was performing the work on the premises of the City of Monett when he was injured. It is clear from all of the evidence that The [sic] City of Monett was acting as the general construction contractor, using some subcontractors and some of its own employees to complete the renovation of the City Hall. Pursuant to § 287.040.1 and 3 RSMo,[2] the City of Monett was Claimant's statutory employer and is secondarily liable.

---

[2] All references to statutes are to RSMo 2000, unless otherwise indicated.

. . . .

[T]he City of Monett made itself a general contractor in the remodeling project of its City Hall, even using some of its permanent employees to perform some of the construction work, and relying on a city council member with construction expertise to oversee the project. In doing so, the City of Monett made the remodeling project a part of its 'usual business.' . . . [B]y not hiring a general contractor to control the remodeling project, the City of Monett was more than a mere property owner and is liable under the Missouri Workers' Compensation Law.

The ALJ determined Patrick had sustained 25 percent permanent partial disability to the left hand, six weeks of disfigurement, and medical expense, for a total of $65,119.99.

This appeal followed. In two points relied on, City argues that:

1. The Commission's finding that City was a statutory employer of Patrick is not supported by competent and substantial evidence and is against the weight of the evidence because the evidence established that Patrick did not perform work for City as "an operation of the usual business which [City] there carries on," pursuant to section 287.040.1;[3]

2. The Commission's finding that City was a statutory employer of Patrick is not supported by competent and substantial evidence and is against the weight of the evidence because section 287.040.1 did not apply to the City, as City was "the owner of premises upon which improvements [were] being erected, demolished, altered or repaired[,]" and that Patrick was an independent contractor.

**Standard of Review**

"This Court reviews the Commission's findings to determine if they are supported by competent and substantial evidence upon the whole record[.]" ***Treasurer of the State of Missouri v. Parker***, 622 S.W.3d 178, 180 (Mo. banc 2021) (internal quotation and citation omitted).

The Commission's decision will be affirmed unless: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the Commission within its powers shall be conclusive and binding. In addition to findings of fact, this Court also defers to the Commission's

[3] All references to statutes are to RSMo 2000, unless otherwise indicated.

4

determinations as to credibility of witnesses and the weight given to conflicting evidence.

*Annayeva v. SAB of TSD of City of St. Louis*, 597 S.W.3d 196, 198 (Mo. banc 2020) (internal quotations and citations omitted).

## Analysis

City purports to utilize the three-step analytical formula set forth in *Nichols v. Belleview R-III School District*, 528 S.W.3d 918 (Mo.App. S.D. 2017), derived from *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo.App. S.D. 2010), which requires an appellant challenging an award of the Commission pursuant to section 287.495.1(4), to:

1.  Identify a factual proposition necessary to sustain the Commission's result;

2.  Marshal all evidence in the record supporting that factual proposition, subject to the Commission's authorized factual and credibility determinations, explicit or implicit, and viewing the record objectively where there were no explicit or implicit findings;

3.  Demonstrate why the evidence from the second step lacks sufficient probative force on the issues, such that the Commission could not have reasonably believed the factual proposition set forth in step one.

*Nichols*, 528 S.W.3d at 927–28.

Despite City's accurate recitation of this required analytical sequence, it fails in its efforts to meet the obligations imposed thereby. For instance, in City's Point I analysis, it purports to fulfill *Nichols'* second step in reciting that "the only evidence in the record that can be marshaled to support the factual proposition in step one is the testimony from Dennis Pyle." It recites some testimony from Pyle supporting the Commission's Award (without citation to the record as required by Rule 84.04(e)),[4] but then recites testimony from other witnesses purportedly *contrary*

---

[4] All rule references are to Missouri Court Rules (2020).

to the Commission's Award and without argument in accord with the Commission's explicit or implicit credibility findings. City's Point II argument suffers from similar (fatal) defects, in that citations to the record are only inconsistently provided, *see* Rule 84.04(e), and the Commission's credibility determinations go without mention or treatment.

> Adherence to [the required] analytical formula is ***mandatory*** because it reflects the underlying criteria necessary for a successful challenge—the absence of any such criteria, even without a court-formulated sequence, dooms an appellant's challenge.

***Ziade v. Quality Bus. Solutions, Inc.***, 618 S.W.3d 537, 544 (Mo.App. W.D. 2021) (internal quotation and citation omitted) (emphasis in original). City's failure to provide argument in accord with the mandated analytical sequence "robs [its] arguments of any analytical or persuasive value." ***Doe Run Company v. Fenwick***, 599 S.W.3d 906, 908 (Mo.App. S.D. 2020). City's Points I and II are accordingly denied.[5]

The Award of the Commission is affirmed.

---

[5] We observe that City's claims on appeal would fail regardless of these analytical defects, in that the Commission's Award was supported by sufficient evidence. As the Commission's Award indicated:

> With respect to Claimant and Derek Mulvaney, Jerry Dierker solely was a representative of the City of Monett as coordinator of the City's renovation project, and not as a general contractor himself. Part of the work was being performed pursuant to a verbal contract between the City of Monett and Mulvaney. The location undergoing remodeling or repair is the premises of the principal contractor while the work is being completed. Claimant was performing the work on the premises of the City of Monett when he was injured. It is clear from all of the evidence that The [sic] City of Monett was acting as the general construction contractor, using some subcontractors and some of its own employees to complete the renovation of the City Hall. Pursuant to § 287.040.1 and 3 RSMo, the City of Monett was Claimant's statutory employer and is secondarily liable.

(Citations omitted).